# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| BLANE BARRY, | |
| Plaintiff, | 2:15-CV-00004 JWS |
| vs. | ORDER AND OPINION |
| SHELL OIL COMPANY, ARCTIA OFFSHORE, LTD., SHELL OFFSHORE INC., and SAFETY MANAGEMENT SYSTEMS, LLC, | [Re: Motion at docket 54] |
| Defendants. | |

## I.  MOTION PRESENTED

At docket 54, Defendants Shell Oil Company ("Shell"), Shell Offshore, Inc. ("Shell Offshore"), and Arctia Offshore, Ltd. ("Arctia"; collectively referred to as "Defendants") filed a motion to strike the jury demand made by Plaintiff Blane Barry ("Plaintiff"). Plaintiff responds at docket 56, and Defendants reply at docket 57.

## II.  BACKGROUND

On August 17, 2012, Plaintiff was a crew member aboard the MSV NORDICA, which was in navigable waters in Alaska, when he sustained serious injuries while lifting heavy cables on the vessel.  He thereafter filed a series of lawsuits seeking damages. In December 2012 he filed a negligence claim in Harris County, Texas, against Shell

and Arctia, but he later voluntarily dismissed the suit after Arctia challenged the court's personal jurisdiction over it. Plaintiff then filed suit in Orleans Parish, Louisiana, naming Shell, Shell Offshore, Arctia, and the other defendant in this case, Safety Management Systems, LLC ("SMS"), as defendants. After the defendants successfully challenged venue, the case was transferred to East Baton Rouge Parish. Arctia was later dismissed from the case for lack of personal jurisdiction. The state court action is currently pending but only against Shell, Shell Offshore, and SMS.

Plaintiff filed the current action in federal court on July 20, 2015, against Shell and Arctia. The complaint specifically premised the court's jurisdiction on diversity jurisdiction under 28 U.S.C. § 1332. The complaint contained claims against Shell and Arctia for negligence, negligence per se, and unseaworthiness "under the general maritime law of the United States." On August 10, 2015, Plaintiff filed an amended complaint that adds Shell Offshore and SMS as defendants to the action. The amended complaint maintains that subject matter jurisdiction is premised on diversity jurisdiction and keeps the claims for negligence, negligence per se, and unseaworthiness "under the general maritime law of the United States" against all Defendants, including SMS.

Defendants argue that with the addition of SMS to the action, there is no longer complete diversity of the parties—the parties do not dispute that Plaintiff and SMS are both citizens of Louisiana. Defendants argue that without complete diversity, the only basis for the court's subject matter jurisdiction is based on admiralty pursuant to 28 U.S.C. § 1333, and they point out that there is no right to a jury trial in admiralty cases. Plaintiff argues that his right to a jury trial should be preserved. Alternatively, he argues that he intends to file a motion to dismiss SMS without prejudice to remedy the complete diversity problem. Defendants reply that SMS cannot or should not be dismissed from the case.

## III. STANDARD OF REVIEW

Rule 39 allows a court, on motion or on its own, to find that there is no federal right to a jury trial on some or all issues present in a case.[1] Whether a party is entitled to a jury trial in federal court is a question of law.[2]

## IV. DISCUSSION

Under 28 U.S.C. § 1333 federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[3] The latter clause allows state courts to "adjudicate maritime causes of action in proceedings 'in personam'" and also "permits the plaintiff to bring an action 'at law' in the federal district court, provided the requirements of diversity of citizenship and amount in controversy are met."[4] Therefore, a plaintiff with in personam maritime claims can file suit 1) in federal court under the federal court's admiralty jurisdiction; 2) in federal court under diversity jurisdiction provided the parties are diverse and the amount in controversy is satisfied; or 3) in state court.[5] Given that the same substantive law applies to the claim regardless of the forum, the primary difference is procedural, with the biggest factor being whether there is a right to a jury trial.[6] "The Seventh Amendment guarantees a jury trial in cases at common law. In admiralty cases, however, the Seventh Amendment neither requires

---

[1]Fed. R. Civ. P. 39(a)(2) ("When a jury trial has been demanded under Rule 38 . . . [t]he trial on all issues so demanded must be by jury unless: . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.")

[2]*S.E.C. v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993).

[3]28 U.S.C. § 1333(1).

[4]*Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (1997) (internal quotation marks omitted).

[5]*Id.*

[6]*Id.*

jury trials nor forbids them."[7] That is, there is no *right* to a jury trial in admiralty cases,[8] and historically admiralty cases are tried without juries.[9]

Disputes over the right to a jury trial arise when a complaint includes some claims that must be tried to a jury and other admiralty claims that would ordinarily not be tried to a jury. In *Fitzgerald v. United States Lines Co.*,[10] the plaintiff alleged a negligence claim under the Jones Act, which provides for a statutory right to a jury trial, and two claims under general maritime law—one for unseaworthiness and one for maintenance and cure—which are traditionally tried without a jury. Rather than split the trials on the claims so that the Jones Act claim would be determined by a jury and the maritime claims would be determined by a judge, the Supreme Court held that all claims must be submitted to a jury. The Court reasoned that trying the Jones Act claim with a jury and separate from the maritime claims would be confusing and inefficient given that all the claims "serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery."[11] It concluded that "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of procedural developments."[12]

The Ninth Circuit has expanded the rationale in *Fitzgerald* to situations where admiralty in rem claims are combined with diversity in personam claims. In *Ghotra v.*

---

[7]*Id.* at 1056.

[8]*Id.* at 1054.

[9]*See Moreno v. Ross Island Sand & Gravel Co.*, No. 2:13-cv-00691, 2015 WL 5604443, at *17 (E.D. Cal. Sept. 23, 2015) (discussing development of court of admiralty and the reason for not providing a common law right to a jury trial in admiralty cases).

[10]374 U.S. 16 (1963).

[11]*Id.* at 18.

[12]*Id.* at 21.

-4-

*Bandila Shipping, Inc.*,[13] a marine surveyor was killed while inspecting a vessel's cargo hold. The surveyor's surviving family filed a lawsuit, alleging common law negligence and gross negligence and a statutory negligence scheme premised on diversity jurisdiction against the owner and charterer of the ship. The complaint also raised an in rem claim against the ship itself for negligence under admiralty jurisdiction. The plaintiffs then demanded a jury trial for all claims, including the in rem claim. The district court struck the demand for a jury trial. The Ninth Circuit reversed:

> The Ghotras invoked the jurisdiction of two historically separate departments in a single action, combining claims at law under diversity jurisdiction with an in rem claim under admiralty jurisdiction. Under the Seventh Amendment, the Ghotras were entitled to a jury trial on the claims brought under the court's diversity jurisdiction. We find nothing inherently incongruous about bringing an in rem and an in personam claim together before the jury when the claims arise out of a single occurrence. Although the right to jury trial in the instant case derives from the savings to suitors clause rather than a statutory grant such as the Jones Act, the reasoning of *Fitzgerald* is equally persuasive and justifies a jury trial over all four claims, where the in rem claim arises out of the same factual circumstances as the other three claims. . . . In light of the fact that the Ghotras could have brought two separate actions, one consisting of the in personam claims brought under diversity and one consisting solely of the in rem claim, which could then have been consolidated into one action under Federal Rule of Civil Procedure 42(a),5 we find no reason to penalize the Ghotras by ruling that the decision to combine the two into one single action constituted an election to proceed in admiralty alone without the right to jury trial.[14]

Similarly, in *Luera v. M/V Alberta*,[15] the Fifth Circuit also expanded the use of jury trials for in rem admiralty claims when they are combined with in personam diversity claims, distinguishing its prior cases, *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*[16] and *Durden v. Exxon Corp.*,[17] which had been interpreted to bar the

---

[13] 113 F.3d 1050 (9th Cir. 1997).

[14] *Id.* at 1057.

[15] 635 F.3d 181 (5th Cir. 2011).

[16] 702 F.2d 585, 588 (5th Cir. 1983).

[17] 803 F.2d 845 (5th Cir. 1986).

-5-

use of jury trials in such situations.[18] However, the Fifth Circuit's position is necessarily limited to situations were the admiralty claim is brought against a vessel given the Fifth Circuit's prior precedent in *Powell v. Offshore Navigation, Inc.*[19] *Powell* was a mixed admiralty-diversity case, but the admiralty claim was an in personam one, brought against non-diverse defendants. That is, there was not complete diversity between the defendants in the case, and so the plaintiff based jurisdiction on the non-diverse defendants on admiralty and the diverse defendants on diversity and then requested a jury trial. The court held that the existence of non-diverse defendants destroyed complete diversity in the case and therefore prevented the plaintiff from obtaining a jury trial. The court feared "the abolition of the complete diversity requirement in maritime cases" were it to hold otherwise.[20]

The Fourth Circuit specifically rejected *Powell* in *Vodusek v. Bayliner Marine Corp.*[21] In that case, the wife of a boater who died from injuries sustained when a boat exploded sued both the boat manufacturer, who had diverse citizenship, and the boat retailer, who did not have diverse citizenship, for a variety of negligence and products liability claims. She specifically stated that jurisdiction over the boat manufacturer was premised on diversity jurisdiction and that jurisdiction over the retailer was premised on admiralty jurisdiction because the explosion occurred on navigable waters. As requested by the plaintiff, the district court submitted the entire case to the jury. On appeal, the defendants argued that while there was diversity to support the claims at law against the manufacturer, the court had to consider the citizenship of all the defendants in the case and because the retailer was not diverse, there was no complete diversity, and thus there was no basis for submitting the claim to the jury. The

---

[18]*Luera*, 635 F.3d at 190-91.

[19]644 F.2d 1063 (5th Cir. 1981).

[20]*Id.* at 1068-69.

[21]71 F.3d 148 (4th Cir. 1995).

-6-

court rejected defendants' complete diversity argument "because it fails to recognize that the federal rules enable district courts to exercise their power in the three historically separate departments within a single case."[22] It reasoned that if the plaintiff had filed separate suits, she would have had a jurisdictional basis to support each one, and therefore the inclusion of the non-diverse defendant sued specifically under admiralty jurisdiction did not destroy the existence of diversity jurisdiction over the other defendants.[23]

The Ninth Circuit has not weighed in on the issue of whether complete diversity is required in order to proceed with a jury trial in a mixed admiralty-diversity case. That is, it has not ruled on whether a plaintiff can receive a jury trial in a mixed admiralty-diversity case when admiralty is invoked to include a non-diverse defendant. As noted above, *Ghotra* only held that the inclusion of an in rem admiralty claim against the vessel in a case that also contains an in personam diversity claim does not preclude the plaintiff's right to a jury trial on those diversity claims. While on first glance the court in *Ghotra* seemed to disapprove of the Fifth Circuit's decision in *Powell*, closer examination shows the court was actually disapproving of *Powell's* progeny, *TNT Marine* and *Durden*, which the Ninth Circuit interpreted as holding that a plaintiff does not have a right to a jury trial where he alleges both in personam and in rem claims.[24] Also, while it cited *Vodusek*, it did not specifically endorse it or otherwise address whether inclusion of a non-diverse defendant pursuant to admiralty jurisdiction nonetheless allows the plaintiff to receive a jury trial.

---

[22]*Id.* at 154.

[23]*Id.*

[24]As noted above, in *Luera* the Fifth Circuit later clarified the holdings of those two cases and held that a plaintiff has a right to a jury where he alleges both an in personam and in rem claim so long as the plaintiff properly stated that the in personam claims were being based solely on diversity jurisdiction.

-7-

Neither party specifically discussed the split between the Fourth and Fifth Circuits on this issue that is directly related to the motion at hand. However, the court notes that unlike the plaintiff in *Vodusek*, Plaintiff did not separate his claims against the diverse defendants from his claims against the non-diverse defendants; nor did he specify that the jurisdictional basis was different. Rather, he simply indicated that jurisdiction was based on diversity without anticipating the complete diversity problem. Even if Plaintiff could simply remedy that distinction through an amendment, the court concludes that the Ninth Circuit's opinion in *Ghotra* should not be extended to allow him to do so given dicta in the case. The court noted that by allowing a jury trial on in rem claims, when combined with in personam diversity claims, the court was not "open[ing] the floodgates" to allow jury trials in all maritime cases.[25] It reasoned that under Rule 19 of the Federal Rules of Civil Procedure a plaintiff cannot artificially construct a diversity action to avoid a bench trial on his admiralty claims by simply leaving out a non-diverse defendant when that party is a necessary party.[26] That is, it acknowledged that it was not opening up all admiralty cases to jury trials because Rule 19 acts as a limitation by requiring all necessary parties to be joined, which suggests that if a necessary party is non-diverse then there would not be complete diversity, and therefore no diversity jurisdiction, to support a jury trial on an in rem admiralty claim. Therefore, it appears as if the Ninth Circuit court would not do away with the complete diversity requirement in these mixed diversity-admiralty cases.

Plaintiff stated in his response brief that he would be filing a motion to dismiss SMS from the complaint in order to fix the complete diversity requirement. No such motion has yet been filed. Defendants argue in their reply that SMS is a required party under Rule 19 and therefore cannot be dismissed. Without a motion and full briefing on the issue from both sides, the court declines to rule on the issue of whether SMS can

---

[25]113 F.3d at 1057-58.

[26]*Id.*

be dismissed or whether it is a required party.  Therefore, given that SMS is still a party to the complaint and its presence destroys complete diversity, Plaintiff's demand for a jury trial must be stricken at this time.  However, the court notes that it could reassess the issue of a jury trial if SMS is allowed to be dismissed or if the presence of the cross-claim affects the issue of whether a jury trial is allowed.[27]

### V.  CONCLUSION

Based on the preceding discussion, Defendants' motion to strike Plaintiff's jury demand at docket 54 is GRANTED.

DATED this 30th day of March 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[27] *Cf. Wilmington Tr. v. U.S. Dist. Court*, 934 F.2d 1026, 1031 (9th Cir. 1991) (holding that the plaintiff's election to proceed in admiralty did not deprive the defendant of the right to jury trial on joined counterclaims and noted that such a holding may result in the entire case being presented to a jury if all the claims are closely related).