# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

BLANE BARRY,

    Plaintiff,

vs.

SHELL OIL COMPANY, ARCTIA OFFSHORE, LTD., SHELL OFFSHORE, INC., and SAFETY MANAGEMENT SYSTEMS, LLC,

    Defendants.

2:15-CV-00004 JWS

ORDER AND OPINION

[Re: Motion at docket 78]

## I. MOTION PRESENTED

At docket 78, Plaintiff Blane Barry ("Plaintiff") filed a partial motion to dismiss without prejudice, requesting that the court allow the voluntary dismissal of Defendant Safety Management Systems, LLC ("SMS"). Defendants Shell Oil Company ("Shell"), Shell Offshore, Inc. ("Shell Offshore"), and Arctia Offshore, Ltd. ("Arctia"; collectively referred to as "Opposing Defendants") oppose the motion at docket 82. SMS did not file an opposition. Plaintiff replies at docket 85. Oral argument was not requested and would not be of assistance to the court.

## II.  BACKGROUND

On August 17, 2012, Plaintiff was a crew member aboard the MSV NORDICA, which was in navigable waters in Alaska, when he sustained serious injuries while lifting heavy cables on the vessel.  He thereafter filed a series of lawsuits seeking damages.  In December 2012 he filed a negligence claim in Harris County, Texas, against Shell and Arctia, but he later voluntarily dismissed the suit after Arctia challenged the court's personal jurisdiction over it.  Plaintiff then filed suit in Orleans Parish, Louisiana, naming Shell, Shell Offshore, Arctia, and SMS as defendants.  After the defendants successfully challenged venue, the case was transferred to East Baton Rouge Parish, Louisiana.  Arctia was later dismissed from the case for lack of personal jurisdiction.  The state court action is currently pending, but only against Shell, Shell Offshore, and SMS.

Plaintiff filed the current action in federal court on July 20, 2015, against Shell and Arctia.  The complaint specifically premised the court's jurisdiction on diversity jurisdiction under 28 U.S.C. § 1332.  The complaint contained claims against Shell and Arctia for negligence, negligence per se, and unseaworthiness "under the general maritime law of the United States."  On August 10, 2015, Plaintiff filed an amended complaint that adds Shell Offshore and SMS as defendants to the action.

Shell, Shell Offshore, and Arctia subsequently filed a motion to strike Plaintiff's request for a jury trial.  They argued that the addition of SMS to the action destroyed complete diversity of the parties because both Plaintiff and SMS are citizens of Louisiana.  Without complete diversity, the only basis for the court's subject matter jurisdiction is based on admiralty pursuant to 28 U.S.C. § 1333, and there is no right to a jury trial in admiralty cases.  In addition to opposing the motion on the merits, Plaintiff indicated in his response that he intended to file a motion to dismiss SMS without prejudice to remedy the complete diversity problem.  The court granted the motion to strike the request for a jury trial.  It concluded that because Plaintiff had not yet

dismissed SMS from the action, the only basis for the court's jurisdiction was admiralty. Consequently, under admiralty law, Plaintiff was not entitled to a jury trial.

Plaintiff now requests that the court dismiss SMS from the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. SMS, however, did not file an opposition.

### III. STANDARD OF REVIEW

Since all the defendants have answered Plaintiff's complaint and the parties have not filed a stipulation of dismissal, Plaintiff's motion to dismiss SMS from this action is governed by Rule 41(a)(2). Under Rule 41(a)(2) dismissal at the plaintiff's request requires court approval.[1] The court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[2] Legal prejudice does not result merely because a defendant will incur expenses in defending the litigation or would be inconvenienced by a second lawsuit. Legal prejudice does not result because the plaintiff would gain a tactical advantage or because the dismissal would cause uncertainty as to the resolution of the case.[3] Rather, to establish legal prejudice, the defendant must show "prejudice to some legal interest, some legal claim, [or] some legal argument" or must show that the burdens resulting from the dismissal are extreme or unreasonable.[4]

### IV. DISCUSSION

Opposing Defendants argue that Plaintiff's Rule 41(a)(2) request should be denied for four reasons: (1) this court is the only forum that has the necessary jurisdiction to adjudicate Plaintiff's claims against all the parties allegedly responsible for Plaintiff's accident; (2) Plaintiff has engaged in procedural maneuvering; (3) SMS will

---

[1] Rule 41(a)(2).

[2] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[3] *Id.*

[4] *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)

remain a party in this action as a result of the cross-claim that Arctia asserted against it; and (4) SMS is a required party under Rule 19 of the Federal Rules of Civil Procedure. The court will address each of the four arguments in turn.

First, the Opposing Defendants focus on the potential burdens associated with concurrent litigation. They argue that this court is the only forum that has the jurisdiction to adjudicate claims against all the parties allegedly responsible for Plaintiff's accident. They assert that the concurrent litigation will waste time, money, and judicial resources. However, the court's ruling on Plaintiff's motion to dismiss SMS will not change the fact that there will be concurrent litigation because a state court case against Shell, Shell Offshore, and SMS is already pending. Nonetheless, the Opposing Defendants do not want SMS to be dismissed from Plaintiff's complaint because that would foreclose the *opportunity* to litigate the case against all potential tortfeasors in one forum. While courts and parties prefer to avoid duplicative litigation when possible, there is nothing inherently prejudicial or improper about parallel litigation.[5] A plaintiff is free to simultaneously pursue claims in federal and state court.[6] Furthermore, the issue of whether the court's jurisdiction is proper and convenient is a distinct and separate issue from voluntary dismissal under Rule 41(a)(2).[7] The court also notes that SMS has reserved the defenses of improper forum and lack of personal jurisdiction in its answer to Plaintiff's complaint and Arctia's counterclaim and did not file an opposition to Plaintiff's request for dismissal of his claims against it in federal court, which belies

---

[5]*See Lenches,* 263 F.3d at 978-79 (rejecting the defendant's request for sanctions against Plaintiff based on the argument that the plaintiff should have asserted all claims in one forum); *Nev. Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1522 (D. Nev. 1990) ("Of course, a plaintiff desiring a federal forum may omit nondiverse parties from his or her claim and sue them separately in a state court proceeding.").

[6]*Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970).

[7]*Cf Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982 ) ("In passing on a plaintiff's request to remove himself from the jurisdiction of the court, the court is not asked to decide whether its jurisdiction is proper and convenient.").

Opposing Defendants' argument that this forum undisputedly is the preferred forum for all Defendants.

Opposing Defendants contend that concurrent litigation also raises the possibility of inconsistent factual determinations. However, as noted by the Ninth Circuit, uncertainty resulting from a dispute remaining unresolved or uncertainty resulting from future litigation is not adequate legal prejudice to warrant denial of a Plaintiff's request to dismiss.[8] The Opposing Defendants have not set forth any specific legal claim or argument that will be affected by parallel state court litigation.

Second, Opposing Defendants argue that Plaintiff's request should be denied because he has engaged in procedural maneuvering. The court disagrees that the convoluted history involving Plaintiff's choice of court is solely the fault of Plaintiff. Defendants have filed removal motions and motions challenging venue and personal jurisdiction that have resulted in various attempts at finding a proper forum and therefore concurrent lawsuits. While Plaintiff clearly did not anticipate the jury issue by including SMS in the federal suit and therefore improvidently amended his complaint to include SMS in the first instance, the court cannot find such conduct egregious enough to have resulted in prejudice to Opposing Defendants. Also, no motion for summary judgment has been filed so Plaintiff is not attempting to avoid the court's determination on the merits by filing his dismissal request.

Third, Opposing Defendants argue that the court should not grant Plaintiff's request because SMS will nonetheless remain a party in this action as a result of the cross-claim that Arctia asserted against it. Indeed, the dismissal of Plaintiff's claims against SMS does not have an effect upon Arctia's cross-claim against SMS, and SMS will remain a party to this case with respect to that cross-claim.[9] Therefore, Arctia's

---

[8]*See Lenches*, 263 F.3d at 976 (noting that uncertainty from an unresolved dispute or from the threat of future litigation does not result in legal prejudice);

[9]*See Aetna Ins. Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968) ("[D]ismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of

ability to protect its interest in the event it is found liable to Plaintiff remains unaffected, and Arctia will not suffer any prejudice from Plaintiff dismissing SMS. Opposing Defendants do not disagree, but rather, seem to be arguing that Arctia's cross-claim against SMS necessarily precludes SMS's dismissal from Plaintiff's case. They do not provide any citation in support. In fact, to the contrary, it appears that courts have allowed the voluntary dismissal of a defendant despite the presence of a cross-claim against that defendant.[10] Furthermore, SMS has not filed an opposition to argue that it will suffer legal prejudice to its interest as a result of being dismissed from Plaintiff's claim but remaining a party for purposes of Arctia's cross-claim.

Fourth and finally, Opposing Defendants argue that SMS is a required party under Rule 19(a) of the Federal Rules of Civil Procedure. Under Rule 19(a), a "required party" must be joined if feasible. A party is required under the Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[11]

If SMS is a required party under Rule 19 then it cannot be dismissed pursuant to Rule 41(a)(2).

The Opposing Defendants argue that SMS is a necessary party under Rule 19 because it is an alleged joint tortfeasor with an interest in the outcome of the action and because they, as the remaining defendants, will be subject to joint and several liability

---

a cross-claim filed against such defendant by a co-defendant."); *Zoblotsky v. Tenet Choices, Inc.*, 2007 WL 2008506, at *1 n.1 (E.D. LA. July 6, 2007) ("The Court's dismissal of [the plaintiff's] claims against [one defendant] does not defeat [a co-defendant's] claims against [such defendant].").

[10] *See, e.g., Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d. 410, 414 n.11 (S.D. Tex. 2011); *Heiser v. Ass'n of Apartment Owners of Polo Beach Club*, 848 F. Supp. 1482, 1488 (D. Haw. 1993).

[11] Rule 19(a)(1).

under federal maritime tort law.[12] However, that argument is unavailing. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."[13] "A tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability."[14] The application of joint and several liability means that the court will be able to accord complete relief without the presence of the joint tortfeasor, and an absent party does not have the necessary "interest related to the subject of the action" simply by being a potential joint tortfeasor.[15] However, a joint tortfeasor may nonetheless be a required party for reasons that are separate from its joint tortfeasor status if it has asserted a distinct interest in the action that warrants protection. For purposes of Rule 19 (a)(1)(B), the interest claimed must "be more than a financial stake, and more than speculation about a future event."[16] SMS has not claimed any interest in this action.[17] Moreover, SMS is a defendant in the state court case and can defend its interest there and can defend against Arctia's claim here.

---

[12]*See, e.g., Johnson v. Nat'l Steel & Shipbuilding Co.*, 742 F. Supp. 1062, 1065 (S.D. Cal. 1990) (noting that maritime law generally provides for joint and several liability and that a joint tortfeasor generally may seek contribution from another).

[13]*Ward v. Apple, Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015) (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam)).

[14]Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment.

[15]*Ward*, 791 F.3d at 1049; *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 241 (E.D. Penn. 2013) ("Rule 19 does not recognize an interest in joining all alleged joint tortfeasors facing joint and several liability in a single action.").

[16]*Ward*, 791 F.3d at 1051.

[17]*United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.'" (quoting *Northrop Corp., v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)).

## V. CONCLUSION

Based on the preceding discussion, Plaintiff's partial motion to dismiss at docket 78 is GRANTED. Plaintiff's claims against SMS are dismissed without prejudice. SMS remains a party to the action for purposes of Arctia's cross-claim against it.

DATED this 5th day of October 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT