# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Blane Barry, ) | |
| ) | |
| Plaintiff, ) | 2:15-cv-00004 JWS |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Shell Oil Co., *et al.*, ) | [Re: Motion at Docket 92] |
| ) | |
| Defendants. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 92 defendants Arctia Offshore, Ltd. ("Arctia"), Shell Oil Company, and Shell Offshore, Inc. ("Shell"), and Safety Management Systems, Inc. ("SMS") (collectively, "Defendants") jointly move for an intra-district transfer of this case from Nome to Anchorage for purposes of trial pursuant to 28 U.S.C. § 1404(c) and Local Rule 3.3(d). Plaintiff Blane Barry opposes at docket 100. Defendants reply at docket 101. Oral argument was not requested and would not assist the court.

## II. STANDARD OF REVIEW

28 U.S.C. § 1404(c) states that the district court may "order any civil action to be tried at any place within the division in which it is pending." Because the State of Alaska has only one judicial district that lacks divisions,[1] the court can order the action to be tried in any location in the state.[2] The trial location is committed to the discretion of the district court.[3]

## III. DISCUSSION

Defendants argue that trial should be held in Anchorage because the issues to be tried have no connection to Nome; there is no evidence in Nome; and no parties or witnesses reside in Nome. Conversely, Shell maintained an office in Anchorage in 2012 where Arctica personnel worked; hotel and airfare costs will be less if trial is held in Anchorage; and Defendants' local counsel have offices in Anchorage. The court finds these reasons persuasive.

Plaintiff opposes Defendants' motion because (1) Nome is his chosen forum and (2) transferring the trial to Anchorage may lead to delay because Defendants may seek a new scheduling order or re-file motions this court has already decided. As to

---

[1] 28 U.S.C. § 81A.

[2] *El Ranco, Inc. v. First Nat. Bank of Nev.*, 406 F.2d 1205, 1219 (9th Cir. 1968) ("Since no statute or rule exists separating the district into divisions the court simply did what 28 U.S.C. § 1404(c) recognizes that a court can do, that is 'order any civil actions to be tried at any place within the division in which it is pending.'"); D.Ak. L.R. 3.3(d) ("Intra-District Transfer. The court may decide on motion of a party or its own motion whether the action should be transferred to another location for case management or trial."). *See also Smith v. CRST Van Expedited, Inc.*, No. CV-07-8041-PHX-LOA, 2008 WL 413946, at *1 (D. Ariz. Feb. 13, 2008); *Matthews v. N. Slope Borough*, 646 F. Supp. 943, 945 (D. Alaska 1986).

[3] *El Ranco, Inc.*, 406 F.2d at 1219; *Matthews*, 646 F.Supp. at 945.

Plaintiff's latter argument, Plaintiff has no basis for fearing a new scheduling order or reconsideration of decided motions. As to his former argument, Plaintiff relies on cases decided under 28 U.S.C. § 1404(a) that afford deference to the plaintiff's choice of forum.[4] These cases do not apply here. The plaintiff's choice of forum is entitled to less deference under § 1404(c).[5]

## IV. CONCLUSION

For the reasons stated above, the motion at docket 92 is GRANTED. The pre-trial hearings, trial, and post-trial hearings will be held at the Anchorage courthouse.

DATED this 11th day of January 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[4]Doc. 100 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 280 (D. Kan. 1988) (relying on *Ammon v. Kaplow*, 468 F. Supp. 1304, 1313 (D. Kan. 1979) (a § 1404(a) case)); *Home Design Servs., Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2011 WL 1526557, at *1 (D. Colo. Apr. 20, 2011) (relying on § 1404(a) caselaw).

[5]*Matthews*, 646 F. Supp. at 945–46.