UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| BLANE BARRY, | ) |
| | ) |
| Plaintiff, | ) 2:15-CV-00004 JWS |
| | ) |
| vs. | ) ORDER AND OPINION |
| | ) |
| SHELL OIL COMPANY, ARCTIA OFFSHORE, LTD., SHELL OFFSHORE, INC.; and SAFETY MANAGEMENT SYSTEMS, LLC, | ) [Re: Motion at docket 103] |
| | ) |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 103, pursuant to Rule 35 of the Federal Rules of Civil Procedure, Defendant Arctia ("Arctia") moves the court to compel Plaintiff Blane Barry ("Plaintiff") to submit for an independent medical examination ("IME") with psychiatrist Dr. Richard Roniger. Plaintiff responds at docket 106, and Arctia replies at docket 108. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This matter arises out of a claim for personal injuries sustained by Plaintiff in August of 2012 while he was working aboard the M/V NORDICA, a vessel owned by

Arctia. Plaintiff alleges in his complaint that he seriously injured his back and neck while lifting a heavy cable. He seeks damages for lost earnings, lost earning capacity, past and future medical expenses, and "physical and emotional pain and suffering and loss of enjoyment of life."[1] Arctia sought to schedule Plaintiff for a psychiatric evaluation given his claims of emotional distress and evidence of Plaintiff's post-accident psychological and psychiatric treatment. Plaintiff objected to the evaluation. He does not agree that an IME is warranted because he argues that he is only claiming "garden variety" emotional distress damages.

### III. STANDARD OF REVIEW

Rule 35 governs the court's determination of a motion for an IME. That rules states as follows:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order . . . may be made only on motion for good cause . . . .[2]

Under the rule then, Plaintiff's mental health examination is only warranted here if his mental condition is "in controversy" and if Arctia has shown "good cause" for requesting the examination.[3] These requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and

---

[1] Doc. 4 at ¶¶ 23, 24, 25.

[2] Fed. R. Civ. P. 35.

[3] *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964).

genuinely in controversy and that good cause exists for ordering each particular examination."[4]

When determining whether a plaintiff's mental health is "in controversy," district courts in this circuit apply the multi-factor test set forth in *Turner v. Imperial Stores*.[5] Under the *Turner* test, the mental examination of a plaintiff is proper where that plaintiff alleges emotional distress *and* the case involves one or more of the following factors:

1) a cause of action for intentional or negligent infliction of emotional distress;

2) an allegation of a specific mental or psychiatric injury or disorder;

3) a claim of unusually severe emotional distress;

4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or

5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35.[6]

A claim of emotional distress, without the presence of one or more of these additional factors, is insufficient to put a plaintiff's mental health in controversy.[7]

---

[4]*Id.* at 118.

[5]291 F.R.D. 90 (S.D. Cal. 1995); *see also Hernandez v. Simpson*, No. ED-CV-13-2296, 2014 WL 4090513, at *2 (C.D. Cal. Aug. 18, 2104) (listing a few district courts that have applied the test); *Ruvane v. Elizabeth F, Inc.*, No. 3:15-cv-00079, 2016 WL 6514181, at *4 (D. Alaska Aug. 25, 2016) (applying the *Turner* factors).

[6]*Turner*, 161 F.R.D. 89, 98 (S.D. Cal. 1995).

[7]*Id.* at 97.

-3-

When determining whether good cause exists, courts look at a variety of factors, including but not limited to 1) whether the information can be obtained through other means; 2) whether the plaintiff plans to prove emotional distress through an expert witness; 3) whether the desired information from the examination is relevant; and 4) whether the plaintiff is claiming ongoing emotional distress.[8]

## IV.  DISCUSSION

Applying the *Turner* factors to the situation presented here demonstrates that Plaintiff has placed his mental condition in controversy.  While the first and fifth *Turner* factors do not support an IME—Plaintiff does not include an independent claim for intentional or negligent infliction of emotional distress, and he does not concede that his mental health is at issue—the other three factors support Arctia's position that Plaintiff's mental condition has been placed in controversy.  Plaintiff's post-accident mental health records, his expert's report, and his own deposition make clear that he is alleging the 2012 work injury led to a specific mental injury or disorder.  One of his experts, Dr. Angel Roman, claims that since the accident Plaintiff has suffered from "Major Depressive Disorder"[9] and Plaintiff's records indicate that he has been hospitalized based on that disorder numerous times since the accident.[10]  Plaintiff attempted to commit suicide on one occasion after "hallucinations, delusions, agitation, anxiety, depression, and other factors resulting in the loss of functioning," and Plaintiff reported

---

[8]*Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013); *Ruvane*, 2016 WL 6514181, at * 4.

[9]Doc. 106-2 at p. 31 (Ex. B at p. 30).

[10]Doc. 106-3 (Ex. C); doc. 106-4 (Ex. D).

-4-

that these thoughts of "wanting to die . . . are brought on by his hopeless feelings related to dealing with chronic pain."[11] He obtained a psychiatric diagnosis "indicated by a DSM IV diagnosis on Axis 1."[12] Dr. Roman concludes that Plaintiff's major depression "is a factor of his work injury not diagnosed prior to the lifting injury in any preaccident records."[13] Plaintiff testified that the accident and losing his job affected him to the point of hospitalization for his behavior.[14]

The same evidence discussed in the preceding paragraph also demonstrates satisfaction of the third factor of the *Turner* test: a claim of unusually severe emotional distress. Plaintiff argues that his claim for emotional distress damage is like any other case where the plaintiff has distress normally associated with or a result of recovery from a physical injury. While mental anguish, fear, anxiety, anger, and depression as a result of suffering and recovering from a physical injury are not considered unusually severe, Plaintiff's situation involves something more than "garden-variety" emotional distress. He is claiming an actual depressive condition, Major Depressive Disorder, which resulted in numerous hospitalizations and attempted suicide and which is an ongoing issue based on this request for future mental health treatment. The situation here is similar to that in *Gurshin v. Bank of America, National Assoc.*,[15] where the district court granted the defendant's request for an IME where the plaintiff had been

---

[11] Doc. 106-4 at p. 1 (Ex. D. at p. 1).

[12] *Id.*

[13] Doc. 106-2 at p. 31 (Ex. B at p. 30).

[14] Doc. 103-2 at p. 3 (Ex. B. at p. 2).

[15] No. 2:15-cv-323, 2016 WL 384929 (D. Nevada Jan. 27, 2016).

-5-

seeking mental health treatment and had attempted suicide, all of which she alleged related to her claims against defendant. The court deemed such distress sufficiently severe: "Hospitalization and attempted suicide are manifestations of unusually severe emotional distress."[16]

Finally, the record shows that Plaintiff does in fact plan to offer expert testimony about his mental health condition. Dr. Roman's report concludes that, as a result of his injuries, Plaintiff suffers from Major Depressive Disorder and concludes that Plaintiff's lifetime costs for psychological and psychiatric care will total over $161,260.50.[17] Plaintiff asserts that Dr. Roman is only his "future-medical-care expert" and will only testify about Plaintiff's need for some psychological and psychiatric treatment as part of his overall care for the physical injuries caused by Arctia's negligence.[18] In other words, Plaintiff asserts that his claim for damages stems only from his physical injuries. However, claiming he needs lifetime mental health treatment to cope with the injuries suffered from the accident is the equivalent of claiming the accident caused mental health problems that should be accounted for if and when any damages are awarded. He has an expert slated to testify about what his lifetime psychological and psychiatric treatment will cost, which certainly puts Plaintiff's mental health condition and questions about the extent and severity of his mental health condition at issue here.

---

[16]*Id.* at *2.

[17]Doc. 106-2 (Ex. B.).

[18]Doc. 106 at p. 6.

-6-

Plaintiff cites to a case in this district, *Ruvane v. Elizabeth F, Inc.*,[19] in favor of his position that a psychological IME is not warranted. *Ruvane* is distinguishable. In that case the IME request was denied in part because Plaintiff had made it clear he was not claiming anything more than just typical emotional distress and was not seeking specific psychological damages.[20] Here, Plaintiff is asking for damages related to Major Depressive Disorder and the future treatment thereof. In *Ruvane*, the plaintiff did not have any witness designated to give testimony regarding emotional damages beyond "ordinary grief , anxiety, anger, and frustration any person feels when something bad happens."[21] Again, Dr. Ramos is going to give testimony regarding the need for future psychological and psychiatric treatment. Also, the court in *Ruvane* noted that an IME is not warranted just because a defendant suggests there is a possible mental health explanation for a plaintiff's complaint. Here, Arctia is not making such a claim. Rather, it wants to be able to provide evidence to respond to Plaintiff's claim that he will need long-term mental health treatment as a result of the 2012 accident.

The court also concludes that Arctia has shown sufficient good cause for an IME here. First, evidence regarding the extent of Plaintiff's mental health condition is clearly relevant given the discussion above. Second, Plaintiff is claiming ongoing emotional distress, as evidenced by the request for future damages for psychological and psychiatric care. Finally, he has an expert designated to discuss the need for and cost

---

[19]No. 3:15-cv-00079, 2016 WL 6514181 (D. Alaska Aug. 25, 2016).

[20]*Id.* at *5.

[21]*Id.*

-7-

of such ongoing care.  Arctia should have the opportunity to provide rebuttal evidence about the need for and cost of future treatment.

## V.  CONCLUSION

Based on the preceding discussion, Arctia's motion to compel Plaintiff to submit for an IME with psychiatrist Dr. Richard Roniger is GRANTED.  While Arctia has provided notice as to the person who will be performing the IME, it has not provided the other information required under Rule 35(a)(2)(B).  Arctia is directed to file a notice within fourteen days of this order as to the time, place, manner, conditions, and scope of the examination.

DATED this 3rd day of April 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT