UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| BARRY BLANE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:15-cv-00004 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SHELL OIL COMPANY; ARCTIA OFFSHORE, LTD.; SHELL OFFSHORE, INC.; and SAFETY MANAGEMENT SYSTEMS, LLC, | ) ) ) ) ) ) | [Re: Motion at Docket 127] |
| | ) | |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 127, Co-Defendant Safety Management Systems, LLC ("SMS") moved for summary judgment pursuant to Fed. R. Civ. P. 56(a); Co-Defendant, Arctia Offshore, Ltd., ("Arctia") filed its response at docket 129; and Co-Defendant SMS replied at docket 133.

## II. BACKGROUND

This matter arises out of a claim for personal injuries allegedly sustained by Plaintiff in August of 2012 while he was working aboard the M/V NORDICA, a vessel owned by Arctia. At the time of the alleged incident, Plaintiff Blane Barry was employed

by EPS Cargo Handlers or EPS Logistics (collectively "EPS") as a lead rigger aboard the NORDICA. The NORDICA was supplied by Arctia via a Master Time Charter with Shell Offshore, Inc. ("Shell") to aid Shell with marine oil field support and transportation services. Shell separately contracted with SMS to provide a safety representative aboard the NORDICA throughout the voyage. Plaintiff alleges in his complaint that he seriously injured his back and neck while lifting a heavy cable. He seeks damages for lost earnings, lost earning capacity, past and future medical expenses, and "physical and emotional pain and suffering and loss of enjoyment of life."

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4]

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[5] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[6] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[7] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[8] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[9]

## IV.  DISCUSSION

Under maritime law, "negligence actions involve a duty of reasonable care."[10] "In some cases, custom may be enough to establish a duty [under maritime law]."[11]

---

[5] *Id.* at 323.

[6] *Id.* at 323-25.

[7] *Anderson,* 477 U.S. at 248-49.

[8] *Id.* at 255.

[9] *Id.* at 248-49.

[10] *Christensen v. Georgia-Pac. Corp.*, 279 F.3d 807, 815 (9th Cir. 2002).

[11] *Id.* at 812.

Whether a party "breached this duty is a question of fact for trial."[12] "As with the issue of breach, proximate cause is usually a factual decision that should be decided at trial."[13] "Summary judgment is rarely granted in negligence cases because the issue of '[w]hether the defendant acted reasonably is ordinarily a question for the trier of fact.'"[14]

Two central factual questions remain in dispute necessitating the presence of SMS as a Co-Defendant in this case. Joshua Wyatt was the safety representative assigned to the vessel by SMS. His duty and responsibility regarding safety on the NORDICA and the duty and responsibilities of SMS in relationship to Shell are issues that remain in dispute. Thus, taking all facts in a light most favorable to Co-Defendant Artica, the motion for summary judgment must be denied.

## V. CONCLUSION

For the reasons stated above, Co-Defendant SMS's motion for summary judgment at docket 127 is DENIED.

DATED this 20th day of April 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[12] *Id.* at 815 (citing *Peters v. Titan Navigation Co. 24*, 857 F.2d 1342, 1345 (9th Cir. 1988)).

[13] *Id.* (citing *Martinez v. Korea Shipping Corp., Ltd.*, 903 F.2d 606, 609 (9th Cir. 1990)).

[14] *Id.* at 813 (quoting *Martinez v. Korea Shipping Corp., Ltd.*, 903 F.2d 606, 609 (9th Cir. 1990)).