# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Blane Barry, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-004 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Shell Oil Company, *et al.*, | ) | [Re: Motion at docket 142] |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 142 plaintiff Blane Barry ("Barry") filed a motion asking the court to exclude certain evidence. Barry supported the motion with a memorandum filed at docket 143. Defendant Arctia Offshore, Ltd, ("Arctia") responded at docket 145. Defendants Shell Oil Company and Shell Offshore, Inc. (jointly "Shell") responded at docket 147. Defendant Safety Management Systems, LLC ("SMS") responded at docket 149 by adopting the arguments and authorities advanced by Arctia and Shell. Barry did not file a reply.

Oral argument was not requested and would not be of assistance to the court. The motion is ripe for decision.

## II. BACKGROUND

Barry claims to have suffered a personal injury while working as a rigger employed by EPS Cargo Handlers ("EPS"), a subcontractor working aboard the M/V NORDICA. The vessel is an ice-breaker owned by Arctia and supplied to Shell Offshore, Inc. ("Shell Offshore") pursuant to a Master Time Charter. Shell Offshore entered a contract with SMS to provide a safety representative aboard the NORDICA.

Barry's complaint alleges that he suffered serious back and neck injuries while lifting a cable aboard the vessel in August of 2012. Barry seeks damages for lost earnings, lost earning capacity, past and future medical expenses, physical and emotional pain, and the loss of enjoyment of life. The court earlier denied SMS' motion for summary judgment concluding that there were unresolved factual issues concerning the duty and responsibility of SMS' safety representative Joshua Wyatt and concerning the duty and responsibilities of SMS in its relationship with Shell Offshore.

### III. DISCUSSION

This court agrees with the Mississippi district court which wrote: "The purpose of *motions in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a *motion in limine*."[1] A party making a motion *in limine* has the burden of showing that specific evidence is inadmissible.[2]

With the preceding principles in mind, the court turns to consideration of Barry's motion. Barry's remarkably broad requests seek to exclude evidence falling into nineteen categories. The first category is evidence of settlement negotiations including settlement offers made by Barry. Such evidence is excluded by operation of Fed. R. Evid. 408.[3] Unsurprisingly, no defendant contends that such evidence is admissible. The court will exclude such evidence, but notes that this request was unnecessary.

The second category consists of evidence relating to Barry's receipt of benefits from health insurance, disability insurance and the like. The well-known collateral source rule forecloses introduction of such evidence to limit or reduce a defendant's liability to pay damages. Defendants do not argue otherwise, but Arctia points out that evidence of collateral payments might, in appropriate circumstances, be admitted for

---

[1] *Magette v. BL Dev, Corp.,* 2011WL 2134578, at *4 (N.D. Miss. May 27, 2011).

[2] *Ashike v. Mullen Crane and Transp. Inc.*, 2014 WL 3640735, at * 6 (D. Utah July 23, 2014); *Asbury v. MNT, Inc.*, 2013 WL 12143046 (D. N.M. Dec. 19, 2013).

[3] The exceptions identified in subsection (b) of the rule are inapplicable here.

-2-

other purposes such as to show malingering[4] or to refute a claim of destitution. Shell argues that inquiry might be appropriate to test Barry's credibility as it relates to the interplay between his maintenance payments and his disability benefits. Such an inquiry likely would not survive Rule 403 analysis. The court will apply the collateral source rule at trial. This does not foreclose a defendant making application to introduce some evidence of collateral sources if the defendant can establish outside the jury's presence that the evidence should be allowed for a specific purpose other than reducing damages to be paid by a defendant. If evidence were admitted for such a purpose, it would require an appropriate limiting instruction to be sure the jury would not use the evidence to reduce a defendant's damages liability.

Barry's third and fourth categories overlap. Each concerns testimony by persons not timely identified pursuant to Fed. R. Civ. P. 26 and in responses to Barry's discovery requests. Defendants do not address this topic. Suffice it to say that this court always insists that any witness who is to testify at trial must, among other things, have been timely identified.

Categories five and six seek exclusion of documents or tangible things not timely produced or disclosed pursuant to Fed. R. Civ. P. 26 or during the discovery process. All that need be said is that this court does not admit such evidence.

Categories seven, eight, and nine address exclusion of expert testimony from persons not disclosed to Barry as experts or who offer testimony falling outside the opinions disclosed to him. The court will enforce the applicable rules by excluding testimony whose introduction would contravene the rules.

The tenth category embraces any reference to crimes committed by "Plaintiff or his expert witnesses, relatives, agents, employees, attorneys or representatives."[5] Evidence of a crime or other bad act demonstrating a witness' character traits may not be admitted to show that on any given occasion the witness acted in accordance with

---

[4]*Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458, 461 (E.D. Cal. 2013).

[5]Doc. 143 at p. 4.

-3-

such character traits.⁶  However, subject to a Rule 403 evaluation, evidence of all felony convictions and misdemeanor convictions of crimes having an element of dishonesty or false statement must be admitted when offered to attack the character of a witness for truthfulness.⁷  Barry has not presented evidence with respect to any of his criminal convictions which would allow the court to perform an analysis under Rule 403. The analysis cannot be performed in a vacuum; Barry will have to make specific Rule 403 objections at trial with respect to evidence offered as to any conviction.

The eleventh category represents by far the broadest request for exclusion of evidence this court has seen in more than 25 years on the bench.  Barry's blunderbuss request fails to identify specific issues in a factual context which would allow proper analysis.  This request is necessarily denied, but without prejudice to specific and precise objections which Barry may raise at trial.  It may be added that defendants are likely to seek to introduce evidence of Barry's use of illicit drugs, evidence which might survive an objection from Barry.  Before making an objection to such evidence, Barry's counsel should carefully consider the discussion of this topic in Shell's response.⁸

The twelfth category concerns evidence relating to Barry's past and current domestic situation.  Again, Barry fails to provide a factual context sufficient to allow analysis determining which specific evidence might be excluded.  This request must be denied, but without prejudice to properly focused objections which might be raised at trial.

The thirteenth category relates to evidence showing Barry failed to report income or file income tax returns with the Internal Revenue Service.  Barry argues that such evidence is irrelevant and should be excluded under Rule 403 or 404.  The request lacks merit.  Barry claims loss of income and income earning capacity.  His prior earnings history is relevant, and prior income tax returns or their absence provides one basis for gauging earning capacity.  The probative value of this evidence is substantial,

---

⁶Fed. R. Evid. 404.

⁷Fed. R. Evid. 609.

⁸Doc. 147 at pp. 6-8.

-4-

and it is not substantially outweighed by the danger of unfair prejudice to Barry. Exclusion based on Rule 403 is not appropriate. Rule 404 is inapposite: The evidence would be offered as proof relevant to his earning capacity, not his character.

Category fourteen relates to evidence showing how the outcome in this litigation might affect insurance premiums. Such evidence is outside the scope of relevant evidence defined by Rule 401. If presented, it would be excluded. This category is premised on an unrealistic assumption about the conduct of competent defense counsel. It does not warrant a motion *in limine*.

Category fifteen relates to argument implying that defendants' conduct must be the sole cause of Barry's damages in order for defendants to be liable. Such argument is inconsistent with the law, and would not be permitted at trial. This issue is another that does not warrant a motion *in limine*.

Category sixteen relates to any argument that courts are overburdened because of too many lawsuits. Unsurprisingly, defendants do not respond. No competent defense lawyer would make such an argument. Were an incompetent lawyer to do so, this court would prohibit it. This category does not warrant a motion *in limine*.

Category seventeen concerns references to the ability of people in general to make up claims to litigate and that Barry's own claims are "frivolous" or "without merit."[9] This category is too broad. A contention that people in general make up lawsuits is irrelevant and would be excluded. A contention that Barry's claims lack merit is clearly proper. Indeed, the very purpose of the trial will be to determine if his claims have merit.

Category 18 relates to surveillance of Barry which was not disclosed in discovery. Defendants do not respond. In any event, the court will exclude references to surveillance which should have been, but was not, disclosed in discovery.

Category nineteen is really a request that the court order the parties to approach the bench for a side-bar before offering any evidence that might be subject to objection. Suffice it to say that this court almost never permits traditional side-bars. Instead, this

---

[9]Doc. 143 at p. 6.

court requires the parties to confer about any evidence which might require a side-bar and raise the matter with the court in the morning prior to the time the jury is expected to be in the courtroom, during either the mid-morning or mid-afternoon recess, during the lunch recess, or after the jury has left for the day. This approach conserves the jurors' time and eliminates the possibility of juror speculation about what is going on in side-bars.

### IV. CONCLUSION

The motion at docket 142 is granted in part and denied in part consistent with the preceding discussion.

DATED this 22nd day of May 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT