UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

BLANE BARRY, )
)
        Plaintiff, )    **2:15-cv-00004 JWS**
)
   vs. )    **ORDER AND OPINION**
)
)    **[Re: Motion at docket 172]**
SHELL OIL COMPANY, ARCTIA )
OFFSHORE, LTD., SHELL )
OFFSHORE, INC.; and SAFETY )
MANAGEMENT SYSTEMS, LLC, )
)
      Defendants. )
_____)

## I.  MOTION PRESENTED

At docket 172  Defendants Shell Oil Company and Shell Offshore, Inc. ("Shell")
move for summary judgment as to the claims brought against Shell by Plaintiff Blane
Barry ("Plaintiff").  Plaintiff responds at docket 179.  Shell  replies at docket 184.  Oral
argument was not requested and would not assist the court.

## II.  BACKGROUND

This matter arises out of a claim for personal injuries sustained by Plaintiff in August of 2012 while he was working aboard the M/V NORDICA for EPS Cargo Handlers or EPS Logistics (collectively "EPS") as a lead rigger.  The NORDICA was owned by Arctia Offshore, Ltd. ("Arctia").  Arctia supplied the vessel via a Master Time Charter with Defendant Shell Offshore, Inc.  ("Shell") to aid Shell with marine oil field support and transportation services.  Plaintiff alleges in his complaint that he seriously injured his back and neck while lifting a heavy cable at the request of another crew member on board the vessel.  He seeks damages for lost earnings, lost earning capacity, past and future medical expenses, and "physical and emotional pain and suffering and loss of enjoyment of life."[1]  Shell contends that it cannot be held liable for the actions of persons who did not work for Shell and were not otherwise controlled by Shell.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  The materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a

---

[1]Doc. 4 at ¶¶ 23, 24, 25.

[2]Fed. R. Civ. P. 56(a).

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

reasonable jury could return a verdict for the nonmoving party."[4]  However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[6]  Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[7]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[8]  All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[9]  However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[10]

---

[4]*Id.*

[5]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[6]*Id.* at 323.

[7]*Id.* at 323-25.

[8]*Anderson,* 477 U.S. at 248-49.

[9]*Id.* at 255.

[10]*Id.* at 248-49.

## IV. DISCUSSION

Plaintiff alleges that his spinal injuries on board the NORDICA occurred as a result of helping another crew member, Jens Boel Fischer, lift a crane cable spool on deck. Fischer was one of the crane technicians aboard the vessel. During his deposition, Plaintiff testified that he was approached by Fischer to help secure and clean up items on NORDICA's deck in advance of impending adverse weather. There were miscellaneous items to pick up or secure and a large spool of crane cable that needed to be moved. He admitted at his deposition that only Fischer asked him to help and that he did not know whether anyone had asked Fischer to complete such a task.[11] He admitted that no officers, captains or members of the navigational team were involved in the deck clean up or directed him to engage in such efforts.[12]

Plaintiff agreed to help Fischer clean up, believing that Fischer was an employee of Arctia and that he had to comply with Fischer's directions because Fischer was one of the crane operators while he was a rigger.[13] Plaintiff admitted that Fischer did not indicate that he was Plaintiff's superior.[14] Given these undisputed facts, Plaintiff's alleged injuries stem from moving the heavy cable spool as requested and supervised solely by Fischer.

Shell contends that Barry was not injured aboard the NORDICA, but had a pre-existing condition. Shell relies on the deposition testimony of Roger Hale, the medic

---

[11]Doc. 141-3 at p. 3.

[12]*Id.* at p. 5.

[13]*Id.* at p. 7.

[14]*Id.*

aboard the ship. Barry saw Hale on August 22, 2018, complaining of neck and shoulder pain. Hale's testimony is based on notes he made while seeing Barry. According to Hale, at that time Barry denied being in an accident on the ship, and indicated that his pain was a pre-existing condition.[15] Shell also relies on the deposition testimony of Bernard Wiltz, III who worked for EPS in Louisiana. According to Wiltz, Barry called to complain of neck pain while aboard the NORDICA, but Barry associated it with how he was sleeping on the ship, and Barry denied there was any accident.[16] Their testimony is contrary to Barry's deposition testimony which indicates that he was injured while helping another person try to lift and move the heavy cable spool over a step into the fo'c'sle of the NORDICA.[17] Applying summary judgment principles for purposes of this motion, the court must accept Barry's testimony that he was hurt in an accident aboard the ship.

Shell played no direct role in the accident described by Plaintiff. Plaintiff's own testimony[18] and the absence of any contrary evidence establishes that as an undisputed fact. Plaintiff seeks to impose liability on Shell vicariously. The man who asked Plaintiff to help move the cable spool was Jens Fisher. He was employed by FANØ KRAN ("FANØ"), which was a subcontractor to Arctia responsible for crane operations on the vessel. Shell contends that it did not exercise control over Fisher and therefore it cannot be vicariously liable for his negligence. Indeed, "it is recognized

---

[15]Doc. 172-11, pp. 41-47.

[16]Doc. 172-10 at p. 26.

[17]Doc 179-1 at pp. 54-56.

[18]Doc. 172-3 at pp. 50-51.

doctrine under the general maritime law that a principal cannot be held liable for the independent negligence of an independent contractor."[19]  Under Alaska law, "an owner or employer does not normally incur liability for physical harm stemming from the negligence of an independent contractor."[20]  In some instances, however, liability can be imposed on the employer of an independent contractor: if the entity who entrusts work to an independent contractor retains control over any part of the work it can be liable for harm to others caused by a failure to exercise such control with reasonable care.[21]  The court incorporates the reasons and the authorities cited by Shell in its reply memo at docket 184 as its rationale for holding that Shell is not subject to vicarious liability for the accident.

Whether Shell may be liable for possible exacerbation of Barry's condition for directing that he be transported to shore by boat must still be considered.  Unlike Plaintiff and SMS in its second motion for summary judgment, which assume there is such a claim before the court, Shell argues that there is no claim before the court for damages based on the trip to shore aboard a fast rescue boat.  Shell relies on the absence of any claim for damages arising from the boat ride in Plaintiff's amended complaint.  Shell is correct.  The amended complaint contains no allegations related to

---

[19]*Waggoner v. Wilson Welding*, No. Civ. A. 97-1899, 1998 WL 404653, at *3 (E.D. La. July 16, 1998) (citing *Ellixon v. Conoco, Inc.*, 950 F.2d 1196, 1207 (5th Cir. 1992)).

[20]*Chaffin v. United States*, 176 F.3d 1208, 1212 (9th Cir. 1999) (citing *Hobbs v. Mobil Oil Corp.*, 445 P.2d 933 (Alaska 1968)).

[21]*Moloso v. State*, 644 P.2d 205, 210-11 (Alaska 1982) (adopting Restatement (Second) of Torts § 414).

-6-

the boat ride.[22]  Plaintiff has not sought to further amend the complaint.  The time for

motions to amend has long since passed.[23]  Furthermore, as Shell points out, Plaintiff

testified that his claim arises solely from the lifting incident and nothing before or after

that incident.[24]  There is no "boat ride" claim before the court.

## V.  CONCLUSION

Based on the preceding discussion, Defendant Shell's motion for summary

judgment at docket 172 is GRANTED.

DATED this 25th day of September 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[22]*See*, Amended Complaint at docket 4.

[23]The Scheduling and Planning order at docket 53 set the date as June 1, 2016.

[24]Deposition of Blane Barry, doc. 172-3 at p. 50.